[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10874
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00055-CEM-KRS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZULEYKA JEANETTE COLON-RIVERA,
a.k.a. Mia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 16, 2018)

Before WILLIAM PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Zuleyka Colon-Rivera appeals her convictions and sentence of 240 months for one count of conspiring to distribute heroin and for three counts of distributing and possessing with intent to distribute heroin. 21 U.S.C. § 841(b)(1)(A)(i), (b)(1)(C); 18 U.S.C. § 2. Colon-Rivera challenges the denial of her motion to suppress on the ground that law enforcement officers used the knock and talk exception to the warrant requirement of the Fourth Amendment as a subterfuge for an investigatory search. Colon-Rivera also challenges the substantive reasonableness of her below-guidelines sentence. We affirm.

The district court did not err by denying Colon-Rivera's motion to suppress. "The Fourth Amendment, which prohibits unreasonable searches and seizures by the government, is not implicated by entry upon private land to knock on a citizen's door for legitimate police purposes unconnected with a search of the premises." *United States v. Taylor*, 458 F.3d 1201, 1204 (11th Cir. 2006). Agents Mark Lee and Daniel Paul Tilton of the Drug Enforcement Agency testified that they visited Colon-Rivera's home to confirm that she had used the alias "Mia" to sell heroin to an undercover officer who could not positively identify the seller.

The district court was entitled to credit the agents' explanation for their visit. *See United States v. Ramirez–Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). Lee, Tilton, and the undercover officer surveilled Colon-Rivera's home from the street until they saw her admit a visitor at 9:20 a.m. They followed the visitor to his

2

vehicle where he surrendered 13 bags of heroin. *See Kyllo v. United States*, 533 U.S. 27, 32 (2001) ("visual observation is no 'search' at all"). Lee and Tilton knocked on Colon-Rivera's door because they had yet to ascertain Mia's identity from coconspirators being apprehended by other federal agents. Colon-Rivera agreed to speak to the agents in her kitchen, *see Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990), and allowed Tilton to "take a look" around her home to ensure that she was the only occupant, *see Maryland v. Buie*, 494 U.S. 325, 327 (1990). Tilton then informed Colon-Rivera of her rights to silence and counsel, which she waived. *See United States v. Pineiro*, 389 F.3d 1359, 1366–67 (11th Cir. 2004). Colon-Rivera disavowed any involvement in the drug sale, but she incriminated herself by uttering the undercover officer's name as the officer entered the kitchen. After the agents arrested Colon-Rivera, they were allowed to ask her to consent to a search of her home. *See United States v. Hidalgo*, 7 F.3d 1566, 1571 (11th Cir. 1993). The agents conducted a valid knock and talk, which led to a consensual search of Colon-Rivera's home.

The district court did not abuse its discretion when it sentenced Colon-Rivera to concurrent sentences of 240 months for conspiring to distribute and for distributing heroin. Colon-Rivera's presentence investigation report provided an advisory sentencing range of 262 to 327 months of imprisonment based on her role in managing the trafficking organization for 38 weeks, her distribution of 19

kilograms of heroin, and the seizure of two handguns, currency, and 200 bags of heroin from her home. Colon-Rivera argued that there was an unwarranted disparity between her sentencing range and her coconspirators' sentences of 206 and 168 months, but Colon-Rivera, who went to trial and was found guilty of four drug offenses, was not similarly situated to her coconspirators who pleaded guilty to one drug offense. *See United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). And the district court took into account that Colon-Rivera had been abused as a child and varied downward to impose a sentence 22 months below her applicable guideline range. Colon-Rivera argues that the district court punished her for proceeding to trial as evidenced by its agreement with defense counsel that Colon-Rivera exhibited "bizarre decision-making" by not pleading guilty. The district court explained to Colon-Rivera that she was "not being penalized for not accepting responsibility," but that she could not receive the same leniency as her coconspirators after she required the government to go to trial. Colon-Rivera's sentence, which is well below her statutory maximum penalty of imprisonment for life, is reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir.), *cert. denied*, 137 S. Ct. 254 (2016).

We **AFFIRM** Colon-Rivera's convictions and sentence.